JJD:JLG
F. #2025R00677

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| UNITED STATES OF AMERICA | COMPLAINT AND AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT |
| - against - | |
| TAMARA MAYORGA-WONG, | (18 U.S.C. §§ 1505 and 2) |
| Defendant. | No. 25-MJ- 328 |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

EASTERN DISTRICT OF NEW YORK, SS:

MICHAEL SILVESTRI, being duly sworn, deposes and states that he is a Special Agent with the United States Department of Homeland Security ("DHS"), Homeland Security Investigations ("HSI"), duly appointed according to law and acting as such.

Obstruction of a Federal Proceeding

On or about November 5, 2025, within the Eastern District of New York, the defendant TAMARA MAYORGA-WONG, together with others, did knowingly and intentionally corruptly influence, obstruct and impede, and endeavor to influence, obstruct and impede, the due and proper administration of the law under which a pending proceeding was being had before a department and agency of the United States, to wit: a federal immigration removal proceeding before the DHS.

(Title 18, United States Code, Sections 1505 and 2)

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. I am a Special Agent with DHS-HSI, and have been for approximately 8 years. I am currently assigned to HSI Long Island's Transnational Crime Task Force ("TCTF"), which is comprised of local, state, and federal law enforcement agencies. My responsibilities include, but are not limited to, the investigation of gang-related violence, weapons offenses and trafficking, narcotics offenses and trafficking, homicides, and money laundering, perpetrated by transnational criminal organizations and foreign-based drug trafficking organizations. Through my training, education, and experience, I am familiar with the means and methods used by criminals to conceal their activities and elude detection by law enforcement, and have experience investigating obstruction and related crimes, as well as assault and harassment of federal government officials effecting their official duties.

2. I am familiar with the facts and circumstances set forth below from my participation in the investigation; my review of the investigative file; and from reports of other law enforcement agents and officers involved in the investigation.

3. As set forth below, I have learned, in substance and in relevant part, that on or about November 5, 2025, during an official enforcement operation being conducted in Westhampton, New York, the defendant TAMARA MAYORGA-WONG obstructed and impeded the due and proper administration of the law by facilitating the escape of John Doe, an individual whose identity is known to the affiant, who had been arrested pursuant to an

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

administrative warrant issued in connection with a violation of Section 212(a)(6)(A)(i) of the Immigration and Nationality Act ("INA"), in connection with pending removal proceedings before the DHS.

4. Based on my conversations with, and on my review of the written reports of several law enforcement officers, including the Deportation Officers of U.S. Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE-ERO"), and HSI Special Agents who participated in the arrest, I have learned, in substance and in relevant part, that on the morning of November 5, 2025, ICE-ERO officers and HSI agents located and apprehended, pursuant to an administrative warrant, John Doe in Westhampton, who was wanted for a violation of Section 212(a)(6)(A)(i) of the INA. During the administrative arrest, the Deportation Officer wore a high-visibility vest bearing the words "Police" and "ERO," and his badge was visible on his belt. Similarly, during the arrest, the HSI Special Agent wore a high-visibility vest bearing the letters "HSI."

5. While John Doe was being placed in handcuffs, an individual – later identified as the defendant TAMARA MAYORGA-WONG – wearing the uniform of a United States Postal Service ("USPS") mail carrier, was observed exiting the Westhampton Post Office, and approaching the law enforcement officers and John Doe. MAYORGA-WONG demanded to see John Doe's arrest warrant, and stated, in substance: "You can't do this." The Deportation Officer responded, in substance, that MAYORGA-WONG was welcome to see John Doe's arrest warrant, at ICE-ERO's office, and provided the address of 535 Federal Plaza, Central Islip, New York. John Doe was then placed in the backseat of a law enforcement vehicle, and the arresting officers entered the front of that vehicle and prepared to drive away. At that time, MAYORGA-WONG was observed running to the rear passenger side of the vehicle, where John Doe was

seated, and opening the door. MAYORGA-WONG was then heard instructing John Doe to flee, in Spanish. In response, John Doe exited the vehicle and proceeded to run away. Law enforcement officers pursued John Doe, and John Doe was again apprehended and detained.

      6.      Following the re-apprehension of John Doe, the defendant TAMARA MAYORGA-WONG was observed returning to the Westhampton Post Office. Law enforcement officers then observed MAYORGA-WONG enter her personal vehicle, which was parked in the rear employee parking lot of the Westhampton Post Office, lock herself in, and attempt to drive away. Law enforcement officers blocked the exit with an official vehicle, informed MAYORGA-WONG, in both English and Spanish, that she was under arrest, and repeatedly instructed her to step out of her vehicle – commands she refused to obey. After several minutes of administering verbal commands, to no avail, law enforcement officers removed MAYORGA-WONG from her vehicle, in order to place her under arrest. While she was being removed from her vehicle, MAYORGA-WONG resisted arrest by, among other things, kicking the law enforcement officers and flailing her arms.

      7.      Once the defendant TAMARA MAYORGA-WONG was restrained, law enforcement officers read her <u>Miranda</u> rights. MAYORGA-WONG refused to speak with law enforcement.

      8.      The defendant TAMARA MAYORGA-WONG was thereafter transported in a law enforcement vehicle to Southampton Police Department headquarters, in Hampton Bays, for arrest processing. During her transport, MAYORGA-WONG spontaneously made statements to the law enforcement officers who were in the vehicle. In substance and in part, according to a deportation officer who is fluent in both English and Spanish, MAYORGA-WONG stated repeatedly, in both Spanish and English, "why are you doing this to your people?"

and further, inquired whether the officers were from Mexico, and whether they had children, then stating "what are you going to tell your children about what you do?"

WHEREFORE, your deponent respectfully requests that an arrest warrant be issued for the defendant TAMARA MAYORGA-WONG, so that she may be dealt with according to law. Because of the nature of this application, your deponent also requests that this affidavit and the arrest warrant for the defendant be sealed and remain under seal until further order of the Court, except that HSI may disclose this affidavit and the arrest warrant as necessary to effectuate the arrest and arraignment of MAYORGA-WONG.

*S/A [signature] #8278/HSI*

MICHAEL SILVESTRI
Special Agent, United States Department of
Homeland Security, Homeland Security
Investigations

Sworn to before me this
19th day of November, 2025

/s/ Anne Y. Shields

THE HONORABLE ANNE Y. SHIELDS
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

5